UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-0051-013-CVE |
| | ) | |
| MOISES GAETA, | ) | |
| a/k/a Moi, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Now before the Court is defendant's motion to vacate, set aside, or correct sentence (Dkt. # 703). Defendant argues that he is entitled to relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Defendant was not convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), but he argues that Johnson affects his guideline range under the United States Sentencing Guidelines (USSG).

On August 11, 2008, a grand jury returned a superseding indictment (Dkt. # 169) charging defendant and others with conspiracy to possess with intent to distribute and to distribute cocaine, marijuana, and methamphetamine (count one) and conspiracy to commit an offense or defraud the United States (count ten).[1] Defendant made his initial appearance on October 1, 2008 and Terry Weber was appointed to represent defendant. Defendant exercised his right to a jury trial but, on the first day of trial, defendant changed his plea to guilty of counts one and ten. The Court

---

[1] A second superseding indictment (Dkt. # 440) was returned on October 14, 2008, but defendant was not charged with any additional crimes in the second superseding indictment.

sentenced defendant to a total term of imprisonment of 324 months, and he did not file a direct appeal challenging his convictions or sentence.  Dkt. # 440.

Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.  § 2255 (Dkt. # 580).  The Court entered an opinion and order (Dkt. # 638) denying defendant's claims of ineffective assistance of counsel concerning the sentencing proceedings, but the Court set for an evidentiary hearing defendant's claim that defense counsel failed to file a notice of appeal at defendant's request.  Following an evidentiary hearing, the Court found that defendant did not direct his attorney to file a notice of appeal and the Court denied his § 2255 motion in its entirety.  Dkt. # 646.  Defendant did not appeal the Court's ruling on his § 2255 motion.  In subsequent proceedings, defendant's sentence has been reduced to 136 months.  Dkt. # 687.  Defendant has filed a second § 2255 motion asking the Court to find that his sentence should be further reduced in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  Defendant argues that he received a two level enhancement for possession of a firearm during commission of the offense and a two level enhancement for obstruction of justice, and he claims that neither of these enhancements can be considered a "violent felony" or a "crime of violence" in light of Johnson.  Dkt. # 703, at 11.

The Court finds that defendant's motion should be treated as a second or successive § 2255 motion, because he is challenging the validity of his sentence in light of the Supreme Court's decision in Johnson and he has already filed a § 2255 motion (Dkt. # 580).  This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255.  See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d

2

1241, 1246 (10th Cir. 2002).  A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review.  Bey v. United States, 399 F.3d 1266 (10th Cir. 2005).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction."  In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction."  Cline, 531 F.3d at 1251.  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."  Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

Defendant relies on Johnson and he claims that he is entitled to a reduction of his sentence. If a defendant is convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), the maximum punishment for this offense under 18 U.S.C. § 924(a)(2) is 10 years imprisonment.  However, if a defendant has three or more prior convictions that qualify as a violent felony or a serious drug offense, the defendant is subject to a statutory mandatory minimum sentence of 15 years and a possible maximum sentence of life imprisonment under the ACCA.  Prior to Johnson, the ACCA defined "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another;
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2).  The last section of this definition treating a prior conviction as a violent felony if it "involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause."  In Johnson, the Supreme Court found that the residual clause was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment.  Johnson, 135 S. Ct. at 2556-57.   Johnson does not impact the validity of any other provision of the ACCA, and the Supreme Court stated that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses [burglary, arson, extortion, or involves the use of explosives], or the remainder of the Act's definition of a violent felony."  Id. at 2563.  The Supreme Court subsequently determined that Johnson is retroactively applicable to cases on collateral review.

4

Welch, 136 S. Ct. at 1268.  Johnson could also impact the career offender provision of the USSG which contains language similar to the residual clause of the ACCA, and the Supreme Court has accepted a petition for writ of certiorari to determine if Johnson applies retroactively to the carrer offender provision of the USSG.  See Beckles v. United States, 2016 WL 1029080 (U.S. Jun 27, 2016).

The Court finds that there is no risk that defendant will be prevented from litigating a meritorious claim if his motion (Dkt. # 703) is not transferred to the Tenth Circuit, because Johnson has no effect on defendant's sentence.  Defendant was not charged with being a felon in possession of a firearm and he was not sentenced under the ACCA.  In addition, defendant's sentence was not enhanced under the career offender provision of the USSG and any argument that Johnson impacts the definition for a "crime of violence" under the USSG is irrelevant.  There is no plausible argument that Johnson impacted the enhancement in the USSG for possession of a firearm or that Johnson has any effect on the enhancement for obstruction of justice, and the Court finds that defendant's motion should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence (Dkt. # 703) is **dismissed for lack of jurisdiction**.  A separate judgment of dismissal is entered herewith.

**DATED** this 19th day of July, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

5